# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# KNOXVILLE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | Case No. 3:18-CV-315 |
| ) | |
| v. ) | Judges _____ |
| ) | |
| **$19,771.00 U.S. CURRENCY** ) | |
| ) | |
| **Defendant.** ) | |

## VERIFIED COMPLAINT *IN REM*

Comes now the plaintiff, United States of America, by and through its attorneys, Douglas J. Overbey, United States Attorney for the Eastern District of Tennessee, and Anne-Marie Svolto, Assistant United States Attorney, and brings this complaint and alleges as follows in accordance with Rule G(2) of the Federal Rules of Civil Procedure, Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions:

## NATURE OF THE ACTION

1. In this *in rem* civil action, the United States of America seeks forfeiture of $19,771.00 in U.S. currency (hereinafter "defendant property").

2. The United States of America seeks forfeiture of the defendant property pursuant to 21 U.S.C. § 881(a)(6) which authorizes forfeiture of all moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of the Controlled Substances Act, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of the Controlled Substances Act.

## THE DEFENDANT *IN REM*

3. The defendant property is $19,771.00 in U.S. currency, which was seized by the Drug Enforcement Administration on December 10, 2017.

4. Custody of the defendant property was transferred to the United States Marshals Service. The defendant property is currently on deposit in an account under the control of the United States Marshals Service.

## JURISDICTION AND VENUE

5. Plaintiff brings this action *in rem* in its own right to forfeit and condemn the defendant property. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355(a).

6. This Court has *in rem* jurisdiction over the defendant property pursuant to 28 U.S.C. § 1355(b)(1)(A) because the acts or omissions giving rise to the forfeiture of the defendant property occurred in this district. Upon the filing of this complaint, the plaintiff requests that the Clerk issue an Arrest Warrant *In Rem* pursuant to Supplemental Rule G(3)(b)(i). The plaintiff will execute the warrant upon the defendant property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

7. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1)(A), because the acts or omissions giving rise to the forfeiture occurred in this district, and pursuant to 28 U.S.C. § 1395(b) because the property is located in this district.

## BASIS FOR FORFEITURE

8. The United States of America seeks forfeiture of the defendant property pursuant 21 U.S.C. § 881(a)(6) for violations of 21 U.S.C. §§ 841 and/or 846.

9. Pursuant to 21 U.S.C. § 881(h), all right, title and interest in the defendant property became vested in the United States at the time of the acts giving rise to the forfeiture.

## FACTS

10. The facts and circumstances supporting the forfeiture of the defendant property are as follows:

   a) Kelly Camp is a Task Force Agent ("Agent Camp") of the Drug Enforcement Administration (DEA), and has been assigned to DEA for approximately 29 years. He is employed by the Metro Knoxville Airport Authority Safety Department, and has been employed there since 1986.

   b) In the performance of his duties as a Task Force Agent, Agent Camp has conducted numerous investigations of federal and state violations involving illegal drugs. As such, he has been involved in the detection and investigation of federal narcotics violations, including the sale, distribution, importation, possession, and conspiracy to possess or sell and distribute various narcotics and controlled substances. He has received specialized training in narcotics enforcement from the DEA, and has kept himself abreast of narcotics enforcement efforts, case development, procedures, investigative techniques, and other standardized methods of investigation involving narcotics offenses during this time period. He has investigated many violations of state and federal narcotics statutes during the past 29 years in the Eastern District of Tennessee and elsewhere, and, as a result, has been successful in arrests and convictions of hundreds of individuals associated with narcotics distribution. He has also been involved in the

execution of numerous search warrants dealing with the detection and investigation of federal narcotics violations, including approximately 300 cash seizures at the Knoxville, Tennessee airport and Knoxville Greyhound Bus Station as well as highway interdictions. Agent Camp has received over 1,500 hours of airport, bus station, highway, and package interdiction training at various locations throughout the United States. As a result of these investigations and prosecutions, Agent Camp has become aware of various methods and techniques utilized by individuals within the Eastern District of Tennessee and elsewhere in order to sell and distribute various controlled substances. He has consistently kept himself abreast of various narcotics violators and has received intelligence from agents associated with the DEA, Federal Bureau of Investigation (FBI), Internal Revenue Service (IRS), TBI, and local law enforcement authorities located in the Eastern District of Tennessee and surrounding states.

    c) On December 10, 2017, at approximately 5:57 a.m., Agent Camp received a telephone call from Knoxville Airport Police Officer Bud Bohanon. Officer Bohanon stated that a 21 year old, white male, Chase Clark ("Clark"), was at the Knoxville Tennessee Airport at the Transportation Safety Authority (TSA) Checkpoint and approximately $20,000.00 ("subject property") was discovered in a nylon carry-on bag during inspection. Upon discovering the subject property, Officer Bohanon engaged Clark in conversation. When asked about the source of the subject property, Clark claimed the currency was from an inheritance. Clark appeared very nervous. Camp advised Officer Bohanon to let Clark know he was free to leave but an Agent Camp would arrive to investigate the currency. Clark had arrived late to the airport and had already missed his flight to San Francisco via Detroit on Delta Airlines at the time Clark went through the TSA Checkpoint. Clark opted to wait at the checkpoint until Agent Camp arrived. Agent Camp arrived at the TSA Checkpoint at approximately 6:15a.m. Agent Camp

4

observed the subject property in a gray, nylon bag. The subject property was rubber banded. Clark was very casually dressed in sweats and a t-shirt and carried another backpack. Agent Camp advised Clark that he was free to leave and was not being detained. Clark decided to stay.

      d)      Agent Camp asked Clark how he acquired the subject property. Clark stated that he received the subject property from the sale of a farm tractor owned by his great grandfather who passed away in 2013. Clark admitted that he had no paperwork from the sale of the tractor. Further, Clark was also unable to give a price he sold the tractor for, to whom he had sold it, or even the year it was sold. Clark then stated he sold several other items that were antiques but could not recall any of those items.

      e)      Agent Camp then asked Clark about his employment history. Clark stated he has been unemployed since March 2017 from a job at TAC Air at the Knoxville Airport General Aviation Ramp where he worked for ten dollars an hour for 3 months. Clark stated previously he had worked at Sonic as a carhop for two dollars an hour plus tips for seven months. Before Sonic, Clark stated he worked at Cheddars Restaurant in Alcoa, Tennessee for four months earning $10.00 dollars an hour plus tips. After Clark shared his employment history, Clark changed his story and then claimed that most of the subject property was from saving cash in his dresser drawer from his previous employment.

      f)      Clark stated the subject property was to be used to buy property in San Francisco with a friend, who was named and is known to the United States. Said individual purportedly lives in San Mateo, California. Clark stated that the individual was picking him up at the San Francisco Airport upon Clark's arrival. Clark, however, could provide neither a telephone

number nor an address for the individual. During this conversation, Clark mentioned another associate of his, who was named and also known to the United States.

g) Agent Camp was familiar with the individuals named by Clark as individuals known to be involved in domestic marijuana trafficking in Maryville, Tennessee and elsewhere.

h) Clark consented to a search of the bags in his possession. Clark carried only a few items of clothing, but claimed he was staying in San Francisco for eight days. Agent Camp sealed the subject property in a secured evidence bag, as witnessed by Airport Police Officer, Joshua Helton.

i) Agent Camp called DEA Group Supervisor Tom Bevins ("GS Bevins") who arrived at the airport. Camp had also made contact with the Blount County Sheriff's Office to dispatch a narcotic detector canine to the lower level of the Knoxville, Tennessee Airport. Agent Camp set up a "dummy" bag search on the lower level of the airport with Group Supervisor Bevins present. Sgt. Gary Perkins with the Blount County Sheriff's Office arrived on the lower level with his canine, "Celo." Agent Camp put the subject property in a brown paper bag. Then Agent Camp cleansed his hands and took two brown paper evidence bags and put untainted material in those bags. Celo did a "sniff search" of the three identical bags and alerted to the bag containing the subject currency. Celo is trained and certified to detect the odor of marijuana, heroin, cocaine, methamphetamines, and other like substances. Celo has been proven reliable in past investigations and is certified annually by the North American Police Work Dog Association.

j) On December 11, 2017, Agent Camp contacted Sgt. Steve Blankenship with the 5th Judicial Drug Task Force concerning the individuals named by Clark. Sgt. Blankenship sent reports concerning previous arrest histories for individuals named by Clark for narcotics related

offenses and information pertaining to suspected drug trafficking activities of Chase Clark. Specifically, Agent Camp learned that a close family member of Clark previously reported to the 5th Judicial Drug Task Force that Clark had Federal Express and United Parcel Service packages in his (Clark's) room that smelled strongly of marijuana. The family member had been living with Clark at the time the report was made. The family member explained that the boxes appeared to be from Oregon and California.

      k)      Oregon and California are well-known sources of marijuana.

      l)      Agent Camp further learned that Clark was implicated in an October 2016 marijuana investigation that also involved an individual named by Clark and others.

      m)      During the course of this investigation, Agent Camp also determined that one of the individuals named by Clark and known by the United States has a California driver's license and lives in San Mateo, California.

      n)      Agent Camp learned from the United States Postal Service that over 40 packages from Alcoa, Maryville and Rockford, Tennessee, were sent to an individual named by Clark and known by the United States with an address in San Mateo, California in 2017. Agent Camp further learned that Clark's address is listed on the return receipt for at least two of those packages.

      o)      Based on Agent Camp's training and expertise, and the information, the packages that list Clark's address on the return receipt are believed to be proceeds from the sale of marijuana.

## PERTINENT STATUTES

11.    21 U.S.C. § 841 states that "…it shall be unlawful for any person knowingly or intentionally – (1) manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance; or (2) to create,

7

Case 3:18-cv-00315   Document 1   Filed 07/31/18   Page 7 of 10   PageID #: 7

distribute, or dispense, or possess with intent to distribute or dispense, a counterfeit substance."

21 U.S.C. § 846 states that "Any person who attempts to conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy."

12. 21 U.S.C. § 881(a)(6) provides for the civil forfeiture of "All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter."

13. Additionally, 28 U.S.C. § 1355(b)(1)(A) states that "A forfeiture action or proceeding may be brought in – the district court for the district in which any of the acts or omission giving rise to the forfeiture occurred…"

14. Based on the facts and circumstances gathered during the investigation into Chase Clark as presented above, the subject property was seized from Chase Clark in Alcoa, Tennessee at the McGhee Tyson Airport TSA Checkpoint. The United States' investigation has determined that the defendant property was proceeds of drug-related violations of 21 U.S.C. §§ 841 and/or 846 and is subject to forfeiture to the United States in accordance with 21 U.S.C. § 881(a)(6).

## **CLAIM FOR RELIEF**

15. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 14 above. The defendant property constitutes money derived from proceeds of drug-related violations of 21 U.S.C. §§ 841 and 846. The defendant property is subject to forfeiture to the United States in accordance with 21 U.S.C. § 881(a)(6).

8

## PRAYER FOR RELIEF

WHEREFORE, the United States of America prays that:

(1)  The Clerk issue a Warrant for Arrest *In Rem* for the defendant property;

(2)  The defendant property be condemned and forfeited to the United States of America in accordance with the provisions of law;

(3)  Notice of this action be given to all persons known or thought to have an interest in, or right against the defendant property; and

(4)  Plaintiff be awarded its costs in this action and for such other necessary and equitable relief as this Court deems proper.

Respectfully submitted,

J. DOUGLAS OVERBEY
United States Attorney

By: *[signature]*

ANNE-MARIE SVOLTO
Assistant United States Attorney
800 Market Street, Suite 211
Knoxville, TN 37902
(865) 545-4167

# VERIFICATION

I, Kelly D. Camp, Task Force Agent with the Drug Enforcement Administration, hereby verify and declare under penalty of perjury as provided by 28 U.S.C. § 1746, the following:

That I have read the foregoing Verified Complaint *In Rem* and know the contents thereof, and that the matters contained in the Verified Complaint *In Rem* and in the accompanying Affidavit are true to my own knowledge, except that those matters herein stated to be alleged on information and belief and as to those matters I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are from information gathered by law enforcement officers, as well as my investigation of this case with the Drug Enforcement Administration and Metro Knoxville Airport Authority Safety Department.

I hereby verify and declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Executed this 31st day of July 2018.

Kelly D. Camp
Task Force Agent
Drug Enforcement Administration

Sworn to and subscribed to before me this 31 day of July, 2018.

Notary Public

My Commission Expires: 4-28-2020

10

JS 44 (Rev. 09/11)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Med. Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE _____  SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Case No. 3:18-CV-315** |
| v. ) | |
| ) | **Judges** _____ |
| **$19,771.00 U.S. CURRENCY** ) | |
| ) | |
| **Defendant.** ) | |

## WARRANT OF ARREST *IN REM*

TO:  The United States Marshal for the Eastern District of Tennessee and/or any other United States officer or employee, someone under contract with the United States, or someone specially appointed by the court.

The United States, by and through its United States Attorney, respectfully requests that the Clerk of the Court for the United States District Court for the Eastern District of Tennessee issue a Warrant of Arrest *in Rem* pursuant to Rule G(3)(b)(i) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions. In support of its application, the United States of America states as follows:

On July 31, 2018 the United States filed a Verified Complaint *in Rem* in the above-referenced case, which alleges that the defendant property is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6) in violation of 21 U.S.C. §§ 841 and/or 846. The defendant property is $19,771.00 in U.S. currency (hereinafter "defendant property').

The defendant property is currently in the possession of the United States. In these circumstances, the Federal Rules of Civil Procedure, Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Rule G(3)(b)(i) directs the Clerk of the Court to issue a warrant to arrest the property if it is in the government's possession, custody or control.

Supplemental Rule G(3)(c)(i) provides that the Warrant of Arrest *In Rem* must be delivered to a person or organization authorized to execute it who may be a marshal or any other United States officer or employee, someone under contract with the United States, or someone specially appointed by the court for that purpose.

YOU ARE, THEREFORE, HEREBY COMMANDED to arrest the defendant property as soon as practicable by serving a copy of this warrant on the custodian in whose possession, custody or control the property are presently found, and to use whatever means may be appropriate to protect and maintain it in your custody until further order of this Court.

YOU ARE FURTHER COMMANDED, promptly after execution of this process, to file the same in this Court with your return thereon, identifying the individuals upon who copies were served and the manner employed.

IN WITNESS WHEREOF, I, Clerk of the United States District Court for the Eastern District of Tennessee, have caused the foregoing Warrant of Arrest *In Rem* to be issued pursuant to the authority of the Supplemental Rule G(3)(b)(i) and the applicable laws of the United States and have hereunto affixed the seal of the Court at Knoxville, Tennessee, this _____ day of _____, 2018.

    John Medearis  
    Clerk of the Court  
    United States District Court

By: _____  
    Deputy Clerk

RETURN OF SERVICE

I hereby certify that I executed this warrant by serving _____ by _____ on the _____ day of _____, 2018.

_____
Nina Osia, Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives